IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAHARRAH DAVIS<br>2025 North 25th Street<br>Philadelphia, PA 19121 | : <br> : <br> : | Civil Action No. |
| | : | |
| vs. | : | |
| | : | |
| FAMILY DOLLAR STORES OF<br>PENNSYLVANIA, LLC<br>6429 Rising Sun Avenue<br>Philadelphia, PA 19111<br>        and<br>FAMILY DOLLAR STORES OF<br>PENNSYLVANIA, LLC<br>10301 Monroe Road<br>Matthew, NC 28105 | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | JURY TRIAL DEMANDED |

**COMPLAINT**

Plaintiff, Jaharrah Davis (hereinafter the "Plaintiff"), through her undersigned counsel, hereby files this Complaint and sues the Family Dollar Stores of Pennsylvania, LLC, for injunctive and declaratory relief, attorney's fees, litigation expenses and costs pursuant to 42 U.S.C. §§ 12181 et seq. and 42 U.S.C. §§ 12131 et seq., respectively, ("Americans with Disabilities Act" or "ADA"). Plaintiff also files this Complaint seeking relief pursuant to the Pennsylvania Human Relations Act 43 P.S. §§ 951-963 (2020).

**Jurisdiction and Venue**

1.  This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12131 et seq. (hereinafter referred to as the "ADA").

The Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 28 U.S.C. § 1343 for Plaintiff's claims arising under the ADA, 42 U.S.C. § 1201, et seq. and 42 U.S.C. § 12132, et seq.. Plaintiff further invokes this Court's pendent jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1367(a) to hear and adjudicate state law claims.

2.   Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391, in that a substantial part of the events or omissions giving rise to Plaintiff's claims have occurred in the Eastern District of Pennsylvania.

**Parties**

3.   At all times relevant hereto, Plaintiff, Jaharrah Davis, was residing at 2025 North 25th Street, Philadelphia, Pennsylvania 19121.  At times relevant hereto, Plaintiff suffered from what constitutes a "qualified disability" under the Americans with Disabilities Act of 1990.  More specifically, at all times relevant hereto, she was an individual diagnosed with a seizure disorder.

4.   Defendant, Family Dollar Stores of Pennsylvania, LLC, (hereinafter referred to as Family Dollar Stores) is a limited liability company.  At all times relevant hereto, Defendant, Family Dollar Stores, employed the individual who was responsible for the deprivation of Plaintiff's rights under the Americans with Disability Act and was acting in the course and scope of her employment.

2

## Factual Allegations

5.   At all times relevant hereto, Plaintiff suffered from a "qualified disability" as that term is defined under the Americans with Disabilities Act of 1990.  More specifically, Plaintiff has been diagnosed with a seizure disorder.  She has been under the care of a physician for that disorder for many years prior to the events in question more fully described hereinafter.

6.   In 2015, her treating physician recommended that Plaintiff utilize the services of a Service Dog with said Service Dog being trained to alert the Plaintiff whenever she was about to have a seizure.  The Service Dog was also trained to be able to react whenever Plaintiff's blood pressure or sugar became low which would be an indication that Plaintiff may be about to experience a seizure.

7.   At her treating physician's recommendation Plaintiff obtained a trained Service Dog specifically trained to perform the tasks mentioned in the preceding paragraph.

8.   On or about June 18, 2020 at 3:00 p.m. Plaintiff, Jaharra Davis, entered a Family Dollar Store located at 6429 Rising Sun Avenue, Philadelphia, Pennsylvania 19111.  That Family Dollar Store was owned, maintained, operated and controlled by Defendant, Family Dollar Stores of Pennsylvania, LLC.

9.   Plaintiff went into the Family Dollar Store to shop.

10.   Plaintiff was approached by an individual named "Sasha,"

3

who at all times relevant hereto was an employee of Defendant,
Family Dollar Stores of Pennsylvania, LLC, acting in the scope of
her authority.  At the time and place aforementioned, Plaintiff was
accompanied by her Service Dog.  When Sasha observed the Service
Dog, she demanded that Plaintiff leave the store because she was
accompanied by a dog.

11.   Plaintiff explained to Sasha that she was being
accompanied by a Service Dog and pursuant to the terms of the
Americans with Disabilities Act she could not be denied service.
Sasha replied to this explanation by saying "We don't allow dogs
and Family Dollar's policy was to not allow dogs, even if they were
service animals, and once again ordered Plaintiff to leave the
Family Dollar Store.  Plaintiff was humiliated and distressed and
left the store.

12.   Upon information and belief, there are at least five (5)
Family Dollar Stores in the City of Philadelphia which are either
close to Plaintiff's home or easily accessible by public
transportation.

13.   As a result of the close proximity and convenience of
numerous Family Dollar Stores, Plaintiff has a definite intent to
return to a Family Dollar Store.

14.   Since Plaintiff was discriminated against, Plaintiff
continues to fear a real and immediate threat of future
discrimination unless Family Dollar Stores adequately trains their

4

employees with regard to the mandates of the ADA.

15.  The discrimination by the Family Dollar Stores employee as hereinbefore described caused the Plaintiff extreme embarrassment and emotional distress and Plaintiff feels a real and immediate threat of future injury should she enter a Family Dollar Stores in the future.

16.  Plaintiff continues to suffer embarrassment and emotional distress as a result of the discrimination of the employee as hereinbefore described.

17.  As a result of the discrimination she suffered as a result of the acts of the Family Dollar Stores employee as hereinbefore described, Plaintiff was and still is deterred from patronizing a Family Dollar Stores due to the Defendant's failure to comply with the ADA.

18.  Plaintiff has actual knowledge of the discriminatory practices of Family Dollar Stores and has a definite intent to patronize Family Dollar Stores should Family Dollar Stores alter their policies and comply with the ADA.

19.  Due to the proximity of Family Dollar Stores to Plaintiff's home and/or her personal connections to the area wherein there are over five (5) Family Dollar Stores and based on past patronage, Plaintiff intends to return to Family Dollar Stores in the future when they cease their discriminatory practices and policies.

20.   The Americans with Disabilities Act applies to the above mentioned Family Dollar Stores because it is a public entity as defined in Title III of the ADA, 42 U.S.C. § 12131(1), 28 C.F.R. § 35.104.   The dog which accompanied Plaintiff at the time of the above referred incident was a service animal as defined by the Americans with Disabilities Act 28 C.F.R. § 36.104.

21.   Upon information and belief, the Defendant, Family Dollar Stores, had provided none and/or inadequate training to any of its employees regarding the provisions of the ADA and specifically has provided none and/or inadequate training regarding the right of a citizen to bring a service dog into a Family Dollar Store.

22.   The Defendant, Family Dollar Stores, failed to make reasonable modifications to its policies, practices and procedures to ensure that Plaintiff's needs as an individual with a disability would be met.

23.   At all times relevant hereto, the Defendant Family Dollar Stores employees, acting in the course and scope of their authority, knew that Plaintiff was an individual with a disability.

24.   The consequences of the Defendant Family Dollar Stores' failure to train their employees with regards to the requirements of the ADA are so patently obvious that Family Dollar Stores can be liable without proof of any pattern of violations of the ADA.

25.   As a result of the actions of the Defendant's employee as aforesaid and the actions and failure to act of the Defendant,

6

Family Dollar Stores, Plaintiff was subjected to discrimination by Family Dollar Stores and its employee by reason of her disability. As a direct result of the actions of the Defendant and its employee, acting in the course and scope of their authority, herein she was caused to be deprived of the services, programs or activities of a public entity.

26. The failure of the Defendant, Family Dollar Stores, to train its employees concerning the requirements of the ADA led directly to the denial of accommodation and to the improper discrimination against Plaintiff.

27. The Defendant, Family Dollar Stores, had knowledge that by failing to train their employees with regards to the mandates of the ADA that it was substantially likely that the rights of citizens such as the Plaintiff would be violated and, despite this knowledge the Defendant, Family Dollar Stores, failed to act.

**COUNT I.   VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT BY THE DEFENDANTS**

28. Plaintiff hereby incorporates by reference all of the allegations set forth in paragraphs 1 through 27, as though they were herein set forth at length.

29. Title III of the American with Disabilities Act prohibits discrimination against people with disabilities in public entities. Public entities such as the Family Dollar Stores of Pennsylvania, LLC, and their employees must comply with all of the requirements of Title III of the ADA.

30.   The Defendant, by and through its agents, servants, workmen and/or employees acting in the scope of their employment and authority and acting on the business for same, have discriminated and continue to discriminate against the Plaintiff and others who are similarly situated by discriminating against people with disabilities in public entities.

### Attorney's Fees and Costs

31.   Plaintiff hereby incorporates by reference all of the allegations set forth in paragraphs 1 through 30, as though they were herein set forth at length.

32.   The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action.  The Plaintiff is entitled to have her reasonable attorney's fees, costs and expenses paid by the Defendant, pursuant to the ADA.

### Declaratory Relief for Title III Violations of ADA

33.   Plaintiff hereby incorporates by reference all of the allegations set forth in paragraphs 1 through 32, as though they were herein set forth at length.

34.   Plaintiff respectfully requests the Court to issue a declaratory judgment finding that the Defendant's policies, procedures and practices subjected her to unlawful discrimination in violation of Title III of the Americans with Disabilities Act.

### Injunctive Relief for Title III Violations of ADA

35.   Plaintiff hereby incorporates by reference all of the

allegations set forth in paragraphs 1 through 34, as though they were herein set forth at length.

36.   Plaintiff requests this Court to issue an injunction forbidding Defendant and their employees from implementing or enforcing any policy, procedure or practice that denies any individual legitimately using a Service Dog from meaningful access to and full and equal enjoyment of Defendant's facilities, common services or programs.

37.   Plaintiff requests this Court to issue an injunction ordering Defendant to develop various policies prohibiting discrimination against individuals who are legitimately using Service Dogs and to require Defendant to train all of their staff that they must service individuals who are legitimately accompanied by a Service Dog.

38.   Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant the Plaintiff injunctive relief; including an order to alter the Defendant's policies, practices and/or procedures by stopping the practice of discriminating against persons with disabilities.

### COUNT II.   VIOLATIONS OF THE PENNSYLVANIA HUMAN RELATIONS ACT

39.   Plaintiff hereby incorporates by reference all of the allegations set forth in paragraphs 1 through 38, as though they were herein set forth at length.

40.   The allegations of the Plaintiff as aforesaid constitute violations by the Defendant of § 5 of the Pennsylvania Human Relations Act, 43 P.S. §§ 951-963 and the implementing regulations, 16 Pa. Code §§ 41.1-47.74.

41.   Plaintiff hereby demands that the Defendant be required to provide all appropriate remedies under § 9 of the Pennsylvania Human Relations Act.

42.   Plaintiff has presented her claim to the Pennsylvania Human Relations Commission and has received a right to sue letter.

WHEREFORE, Plaintiff, Jaharrah Davis, requests the following relief:

        a.   Compensatory damages;

        b.   Punitive damages;

        c.   Such other relief as appears reasonable and just; and

        d.   A jury trial as to each Defendant and as to each count.

**PATRICK G. GECKLE, LLC**

By: _____

Patrick G. Geckle
Attorney ID No. 26718
PATRICK G. GECKLE, LLC
1515 Market Street, Ste. 1200
Philadelphia, PA 19102
(215) 735-3326 - phone
(215) 689-2803 - fax
Email: pgeckle@pgglaw.com

Counsel for Plaintiff